SEAN P. HEALY, SB #018393
Sean.Healy@lewisbrisbois.com
ERIC J. KLOC, SB #037926
Eric.Kloc@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm email: azdocketing@lewisbrisbois.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA, PHOENIX

| | |
|---|---|
| Gloria Blankenbaker, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Ashley Real Estate, LLC, a Delaware limited liability company; Southwestern Furniture of Wisconsin, LLC dba Ashley Homestore, a Wisconsin limited liability company; John Does 1-10; Jane Does 1-10; ABC Corporations 1-10; XYZ Partnerships 1-10; and Limited Liability Companies A-Z,<br><br>Defendants. | Case No. 2:26-cv-01100-SHD<br><br>Maricopa County Superior Court Case No. CV2026-002711<br><br>**DEFENDANT ASHLEY REAL ESTATE, LLC AND SOUTHWESTERN FURNITURE OF WISCONSIN, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants Ashley Real Estate, LLC ("ARE") and Ashley Global Retail, LLC ("AGR") on behalf of Southwestern Furniture of Wisconsin, LLC ("Defendants"), hereby file their response to Plaintiff Gloria Blankenbaker's ("Plaintiff") Complaint.

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendants admit that, on or about March 13, 2024, Plaintiff visited Defendants' premises located at 6910 W. Bell Road, Glendale, Arizona (the "Property").

2. Defendants admit the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3. Answering Paragraph 3 of Plaintiff's Complaint, no allegations are asserted against Defendants; however, to the extent that it is deemed allegations are asserted, Defendants deny those allegations.

4. Defendants admit the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5. Defendants deny the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6. Answering Paragraph 6 of Plaintiff's Complaint, no allegations are asserted against Defendants; however, to the extent that it is deemed allegations are asserted, Defendants deny those allegations.

7. Answering Paragraph 7 of Plaintiff's Complaint, Defendants admit that ARE owns the premises located at 6910 W. Bell Road, Glendale, Arizona and that it was acquired in or around September 2023.

8. Defendants deny the allegations contained within Paragraphs 8 and 9 of Plaintiff's Complaint.

9. Defendants cannot answer Paragraph 10 of Plaintiff's Complaint in its present format it appears to mix factual allegations with legal conclusions; to the extent that a response is required, Defendants deny any allegation contained within Paragraph 10 of Plaintiff's Complaint.

10. Answering Paragraph 11 of Plaintiff's Complaint Defendants admit that ARE acquired the Property in or around September 2023.

11. Defendants cannot answer Paragraph 12 of Plaintiff's Complaint in its present format it appears to mix factual allegations with legal conclusions; to the extent that a response is required, Defendants deny any allegation contained within Paragraph 12 of Plaintiff's Complaint.

12. Answering Paragraphs 13 and 14, ARE and AGR admit that it owned and was responsible for the operation of the Property, on or about March 13, 2024.

13. Answering Paragraph 15, Defendants are without knowledge regarding the

manner in which "several tiles located a few feet inside of the store's main entrance were installed," whether those tiles "were maintained in such a manner that caused them to be uneven with the surrounding tiles," or whether the manner of the installation or maintenance of those tiles "created an uneven walking surface;" accordingly, Defendants deny those allegations and demand strict proof thereof.

14. Defendants cannot answer Paragraphs 16 through 25 of Plaintiff's Complaint in their present format as they appear to mix factual allegations with legal conclusions; to the extent that a response is required, Defendants deny any allegations contained within Paragraphs 16 through 25 of Plaintiff's Complaint.

**JURY DEMAND**

Defendants hereby demand a trial by jury on all triable issues pursuant to *Federal Rules of Civil Procedure,* Rule 38.

**DEFENSES**

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

2. As and for a separate defense, and in the alternative, Defendants allege that Plaintiff failed to mitigate his damages which may bar recovery or reduce recovery to Plaintiff from Defendants.

3. As and for a separate defense, and in the alternative, Defendants allege that Plaintiff assumed the risk of his injuries which may bar recovery or reduce recovery to Plaintiff from Defendants.

4. As and for a separate defense, and in the alternative, Defendants allege that Plaintiff was contributorily negligent and/or any injuries received by Plaintiff was the result of an intervening/superseding cause or occurred as a result of the negligence of someone other than Defendants, all of which bars recovery to Plaintiff from Defendants.

5. As and for a separate defense, and in the alternative, Defendants allege that Plaintiff was negligent in whole or in part, thereby reducing or eliminating any damages owed by Defendants by way of Plaintiff's comparative negligence.

6. As and for a separate defense, and in the alternative, Defendants allege that Plaintiff's alleged injuries may be the result of pre-existing injuries or medical conditions unrelated to those alleged to have occurred in the subject incident which may bar recovery or reduce recovery to Plaintiff from Defendants.

7. As and for a separate defense, and in the alternative, Defendants allege that Plaintiff failed to seek reasonable and/or necessary medical care and/or treatment.

8. As and for a separate defense, and in the alternative, Defendants allege that Plaintiff may have incurred unnecessary and/or unreasonable expenses in the care and/or treatment he received.

9. As and for a separate defense, and in the alternative, Defendants allege that Plaintiff may have incurred unnecessary and/or unreasonable expenses in the care and/or treatment she received.

10. As and for a separate defense, and in the alternative, Defendants allege that the lent employee doctrine precludes Plaintiff's ability to recover damages from Defendants in the lawsuit.

11. Although Defendants do not presently have sufficient facts in support of the remaining defenses, it wishes to put Plaintiff on notice that Defendants hereby raise the following defenses, which through substantive discovery may be supported by the facts: abatement, lack of jurisdiction over the subject matter, lack of jurisdiction over the person, accord and satisfaction, arbitration and award, discharge of  bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, insufficiency of process, insufficiency of service of process and waiver.

12. Additional facts may be revealed by future discovery in this action which would support affirmative defenses presently available but unknown to Defendants who therefore allege as though set forth herein all affirmative defenses contained in Rules 8 and 12, *Federal Rules of Civil Procedure*.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants, request the following relief:

A. That Plaintiff's Complaint be dismissed with prejudice;

B. That Plaintiff takes nothing thereby;

C. That Defendants be awarded their taxable costs and attorneys' fees incurred in this lawsuit;

D. That Defendants be awarded pre- and post-judgment interest on all costs and attorneys' fees incurred; and

E. That Defendants be awarded such other and further relief as the Court deems just and proper under the circumstances.

DATED this 9th day of April, 2026.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Eric J. Kloc*
Sean P. Healy
Eric J. Kloc
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following EM/ECF registrants:

María del Pilar Mendoza
Frances T. Lynch
BACHE LYNCH GOLDSMITH & MENDOZA P.L.L.C.
3430 E. Sunrise Dr., Suite 180
Tucson, Arizona 85718
pmendoza@blgmlaw.com
ftlynch@blgmlaw.com
*Attorneys for Plaintiffs*

*/s/ Holly Bornhoft*