**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Gloria Blankenbaker,

Plaintiff,

v.

Ashley Real Estate LLC, et al.,

Defendants.

No. CV-26-01100-PHX-SHD

**ORDER**

On February 17, 2026, Defendants Ashley Real Estate, LLC and Southwestern Furniture of Wisconsin, LLC (together, "Defendants") removed this case from Maricopa County Superior Court ("Superior Court"). (Doc. 1.) Plaintiff Gloria Blankenbaker then moved to remand this action to the Superior Court for lack of subject matter jurisdiction. (Doc. 5.) Because Defendants have not carried their burden of establishing that the amount in controversy exceeds $75,000, the motion will be **granted**.

## I. BACKGROUND

On March 13, 2024, Blankenbaker was injured when she fell on an allegedly uneven walking surface at an Ashley Homestore in Glendale, Arizona. (Doc. 5-1 at ¶ 1.) Blankenbaker filed this action in Superior Court on January 21, 2026, asserting a single claim for negligence and seeking compensatory damages, medical expenses, and costs. (*Id.* at ¶ 25.) The Complaint pleads no specific dollar amount of damages and asserts no claim for punitive damages, attorneys' fees, or any federal cause of action. (*See id.*) Blankenbaker designated the case as a "Tier 2" case under Rule 26.2 of the Arizona Rules

of Civil Procedure (the "Arizona Rules"). (*Id.* at 1.)

Shortly after filing her Complaint, Blankenbaker served an Offer of Judgment under Rule 68 of the Arizona Rules. (Doc. 5-2 at 2–3; Doc. 8 at 2.) The Offer of Judgment proposed entry of judgment against Defendants in the total amount of $74,500. (Doc. 5-2 at 3.) It was expressly "inclusive of all damages, taxable court costs, interest, and attorneys' fees."[1] (*Id.*)

Defendants removed the action to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a) and alleging that the amount in controversy exceeds $75,000. (Doc. 1; Doc. 8 at 2.) Blankenbaker now moves to remand, contending that the amount in controversy does not meet the jurisdictional threshold. (Doc. 5.)

## II. LEGAL STANDARD

An action originally filed in state court may be removed to federal court if the district court could have exercised jurisdiction over the case in the first instance. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). There is a "strong presumption against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). That presumption "means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation modified).

District courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In the removal context, the inquiry into the amount in controversy is not confined to the face of the complaint; district courts may also consider facts presented in the removal petition and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F.3d

[1] The Offer of Judgment was apportioned between the two Defendants ($50,000 as to Southwestern Furniture of Wisconsin, LLC, and $24,500 as to Ashley Real Estate, LLC) and was contingent on acceptance by both Defendants. (Doc. 5-2 at 3.)

1115, 1117 (9th Cir. 2004) (citation modified). When the amount in controversy "is not facially evident from the complaint, . . . the removing party must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090–91.

## III. DISCUSSION

The parties do not dispute diversity of citizenship. Blankenbaker is a citizen of Washington, and Defendants are citizens of Delaware and Florida. (Doc. 5-1 at ¶¶ 3–5; Doc. 8 at 1.) The sole question is whether Defendants have established that the amount in controversy exceeds $75,000. Because Blankenbaker's Complaint pleads no specific damages, Defendants bear the burden of proving by a preponderance of the evidence that the jurisdictional amount is satisfied. *Matheson*, 319 F.3d at 1090. They have not done so.

### A. The Offer of Judgment

The only concrete indication of the parties' valuation of this case is Blankenbaker's pre-removal Offer of Judgment for $74,500. Blankenbaker contends that this offer is a reliable estimate of her valuation of the case and establishes that the amount in controversy falls below the jurisdictional threshold. (Doc. 5 at 3–5; Doc. 9 at 2–3.) Defendants respond that the offer does not reflect a reasonable valuation because a plaintiff who prices an offer just below the threshold must actually expect to recover more at trial, and the offer therefore suggests an amount in controversy above $75,000. (Doc. 8 at 2–3.)

A settlement offer or offer of judgment is not dispositive of the amount in controversy, but it is "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). There is some disagreement about how to weigh a plaintiff's sub-threshold offer. Some courts treat such an offer as evidence that the amount in controversy does not exceed $75,000. *See Ogden v. Dearborn Life Ins. Co.*, 644 F. Supp. 3d 559, 565 (D. Ariz.

2022) (holding that the plaintiff's $65,000 offer of judgment "undermines Defendant's evidence" and that the defendant failed to establish by a preponderance of the evidence that the amount in controversy exceeded $75,000); *Ritthaler v. IDS Prop. Cas. Ins. Co.*, 2007 WL 2081479, at *1 (D. Ariz. July 20, 2007) (considering the plaintiff's $68,000 offer of judgment in holding that the amount in controversy did not exceed $75,000). Others have reasoned that a plaintiff who offers a sum just below the threshold necessarily expects to recover more at trial, and the offer therefore suggests the amount in controversy exceeds $75,000. *See Leonard v. Safeco Ins. Co. of Am.*, 2024 WL 657055, at *3 (D. Ariz. Feb. 16, 2024) ( "If a plaintiff is willing to settle a case for $74,999.00 it follows that said plaintiff would seek considerably more than $74,999 at trial" (quoting *Weber v. Hamman*, 2009 WL 10671566, *2 (W.D. Mo. January 5, 2009))).[2]

These competing views show that an offer of settlement or judgment may cut both ways and is, at best, ambiguous evidence of the amount in controversy. Defendants ask that I resolve that ambiguity in their favor. But that is not the correct standard—I must "resolve all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042. I therefore decline to construe the Offer of Judgment as a low estimate of Blankenbaker's valuation of this case. Moreover, an Offer of Judgment is distinct from an initial settlement offer. It represents the full amount Blankenbaker was prepared to accept in final resolution of every aspect of her claim, including fees and costs. The $74,500 Offer of Judgment thus represents a reasonable estimate of Blankenbaker's claim, and it places the amount in controversy below the $75,000 jurisdictional threshold. Put another way, the Offer of Judgment, if anything, it is evidence that the amount in controversy falls below that threshold.

**B. Defendants' Remaining Arguments**

Defendants offer no evidence or argument to rebut the $74,500 valuation of Blankenbaker's claim. They submit no medical bills, no records of Blankenbaker's

[2] Although *Leonard* ultimately decided in favor of remand, it embraced this view of settlement offers. 2024 WL 657055 at *3.

treatment, no wage-loss figures, no alternative estimate of the value of the claim whatsoever. (*See* Doc. 8.) Defendants do not affirmatively argue that any one item or category of damages places more than $75,000 in controversy. Instead, other than their reliance on the Offer of Judgment, rejected above, their sole other argument is based on Blankenbaker's refusal to stipulate to a damages cap. (Doc. 8 at 2–3.)[3] This argument fares no better.

A plaintiff's "refusal to stipulate that her damages are below the jurisdictional amount is not dispositive." *Leonard*, 2024 WL 657055 at *4 (quotation marks omitted). Such a refusal "may simply reflect the plaintiff's belief that there is at least a small chance of recovering more than $75,000," and thus "sheds little light" on whether the removing party has carried its burden. *Id*. Here, Defendants concede that during a February 13, 2026 meet-and-confer, Blankenbaker represented that she does not believe the case is worth more than $75,000. (Doc. 8 at 3.) Her unwillingness to foreclose the possibility of a higher recovery does not affirmatively prove that such a recovery is more likely than not. *See Leonard*, 2024 WL 657055 at *4 (holding that while a refusal to stipulate is not *irrelevant*, it is "insufficient, on its own, to satisfy Defendant's burden of proof").

## IV. CONCLUSION

Because Defendants offer nothing beyond a request that I read the Offer of Judgment as a low estimate and Blankenbaker's refusal to stipulate to a damages cap, Defendants have not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Blankenbaker's motion will therefore be granted and the case remanded to the Superior Court.

---

[3] Defendants briefly note that Blankenbaker designated the case as a "Tier 2" case under Rule 26.2 of the Arizona Rules of Civil Procedure, which they describe as generally encompassing cases alleging between $50,000 and $300,000 in damages. (Doc. 8 at 2.) The designation does not aid the analysis. A Tier 2 designation often reflects a case's complexity rather than a specific damages amount, *see* Ariz. R. Civ. P. 26.2(b), and "tier classification is not a per se proxy for a damages amount in a complaint," *Friedman v. Kerr*, 2025 WL 2992220, at *2 (D. Ariz. Oct. 24, 2025). At most it is consistent with a case valued above $50,000—a figure below the jurisdictional threshold—and it "does not alone serve as evidence of removability." *Leonard*, 2024 WL 657055 at *4.

Accordingly,

**IT IS ORDERED** granting Plaintiff Gloria Blankenbaker's Motion to Remand (Doc. 5).

**IT IS FURTHER ORDERED** directing the Clerk of Court to remand this case to the Maricopa County Superior Court and close this matter.

Dated this 4th day of September, 2026.

Honorable Sharad H. Desai
United States District Judge